SCHROER *v.* FUNK AND SONS, INC. ET AL.

[No. 20,647. Filed June 3, 1968.]

*John R. Nesbitt,* of Rensselaer, and *Clarence Brown,* of Gary, for appellants.

*Cope J. Hanley,* of Rensselaer, *John Barce,* of Kentland, and *Brubaker and Wildman,* of Logansport, for appellees.

JACKSON, J.—I concur in the denial of transfer in the above entitled cause but am in complete disagreement with the following language of the Appellate Court Opinion:

"Appellant next contends that certain irregularities in the trial court proceedings constituted an abuse of the trial court's discretion and prevented appellant from having a fair trial. More specifically appellant alleges that the trial court erred in that it (1) refused appellant an opportunity to exercise her first peremptory challenge; (2) refused appellant an opportunity to complete her voir dire examination of the jury; (3) failed to completely administer the oath to the jury; (4) failed to recognize vocal demands on the court to allow appellant to exercise her first peremptory challenge, each separately and all collectively were abuses of the trial court's discretion which prevented the appellant from having a fair trial; and (5) refused to allow appellant to testify concerning the past and future earnings of Elvin G. Schroer, her incompetent ward.

The contended errors on the part of the trial court as set out in the preceding paragraph primarily involve the exercise of the discretionary powers of the court. Only in the event of an abuse of such discretionary powers in matters material to the final result will this court treat such action of the trial court as reversible error. From an examination of the record, we do not find any abuse of discretion. This is especially true in view of the fact that the case was never submitted to the jury for its determination, but only submitted to the jury on a motion for a directed verdict."

In my opinion such language purports to give the trial court discretionary power to deny the litigants the right to exercise their absolute right to the use of the peremptory challenge. The right of the litigant to the use of a peremptory challenge is absolute, there is no area of discretion on the part of the trial court wherein and whereby such right can be denied or abrogated.

In the case at bar, fortunately, it cannot be said that appellant suffered injury by reason of the error complained of.

The language of the Appellate Court relative to the statement that the denial of a peremptory challenge of a juror "primarily involves the exercise of the discretionary powers of the court" is hereby totally disapproved and is deleted.

Lewis, C. J., and Arterburn and Hunter, JJ., concur; Mote, J., not participating.

NOTE.—Reported in 237 N. E. 2d 247.